# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

HAYDEE ECHEVARRIA,         :
     Plaintiff,          :     CIVIL ACTION NO.
                         :     3:15-cv-1840 (VLB)
v.                     :
                         :     March 17, 2017
UTITEC, INC.,             :
     Defendant.         :

## MEMORANDUM OF DECISION
## GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND [DKT. NO. 27]

### I.   Introduction

Plaintiff Haydee Echevarria filed a five count complaint alleging common law negligent supervision, as well as sexual harassment and retaliation under Title VII and the Connecticut Fair Employment Practices Act ("CFEPA").  She seeks leave pursuant to Fed. R. Civ. P. 15 to amend her Complaint to clarify several factual allegations and assert a claim of reckless supervision against the Defendant as a result of facts learned through discovery.  Defendant opposes this motion on the grounds that Plaintiff has failed to demonstrate good cause for seeking to amend after the scheduling order deadline, that amendment would be futile because reckless supervision is not a recognized cause of action in Connecticut, and that an amendment would cause Defendant prejudice.  For the reasons that follow, Plaintiff's Motion for Leave to Amend [Dkt. No. 27] is GRANTED.

### II.   Legal Standard

If a scheduling order sets a deadline for amendment, the appropriate standard for evaluating a motion for amend is set forth in Federal Rule of Civil Procedure 16(b)(4), which provides that a "schedule may be modified only for

good cause and with the judge's consent." *See Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 243-44 (2d Cir. 2007); *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 339-40 (2000). Defendant argues that because the Court's December 18, 2015 Order on Pretrial Deadlines set a deadline for filing amended pleadings of February 16, 2016, and Plaintiff did not seek leave to amend until June 15, 2016, the Court should apply the Rule 16 "good cause" standard. [Dkt. No. 28 at 1].

The Order on Pretrial Deadlines instructs the parties to adhere to the deadlines it sets forth "[u]nless otherwise ordered by the Judge to whom this . . . case is assigned." [Dkt. No. 3]. Although the Court's March 3, 2016 Scheduling Order, [Dkt. No. 14], does not list a specific deadline for amendment of the pleadings, the Court adopted the parties' Rule 26(f) report in that Order. In the Rule 26(f) report, the parties both indicated that they had no plans to amend but reserved their rights to do so "as facts developed during discovery warrant." [Dkt. No 13 at 4]. The parties' Rule 26(f) report was filed only eight days before the original amendment deadline, which would not leave the parties with time to develop many facts "during discovery." Moreover, the Rule 26(f) report specifies that the Defendant's Answer would not be due until February 19, 2016—three days *after* the original deadline for amending the pleadings. The Court's adoption of the Rule 26(f) report—by which it allowed the Defendant the right to amend its answer, and allowed the parties the right to amend after the development of facts during discovery—is therefore incompatible with, and supersedes, the deadline for amendment set forth in the Order on Pretrial Deadlines. Because Plaintiff filed

2

its motion for leave to amend during discovery, as contemplated by the Rule 26(f) report, the Court must evaluate Plaintiff's motion for leave to amend using the standard set forth in Federal Rule of Civil Procedure 15.

Pursuant to Rule 15, a party "may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Amendment is inappropriate when there is evidence of "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Forman v. Davis*, 371 U.S. 178, 182 (1962).  "[T]he district court has discretion to deny leave to amend where the motion is made after an inordinate delay, and the introduction of new claims and/or new parties would delay a scheduled trial."  *Johnson v. N.Y.*, 100 F.3d 941, 941 (2d Cir. 1996) (finding it within Court's discretion to deny motion to amend Complaint where Complaint was filed in 1990, motion to amend was filed July 1993, and trial was scheduled for 1994).

Within the Second Circuit, if an amendment is not futile, leave will be given unless the non-movant establishes prejudice or bad faith.  *Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725-26 (2d Cir. 2010) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).  Of these, prejudice to the non-movant is the more important factor.  *Id.*  "Amendment may be prejudicial when, among other things, it would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the

resolution of the dispute.'"  *Id.* (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).

III.   **Discussion**

Defendant argues that the Court should not grant Plaintiff leave to amend based on futility and prejudice.  In particular, Defendant argues that (1) no cause of action for "reckless supervision" exists in Connecticut, and (2) it has "lost the opportunity to prepare the defense witnesses on this new cause of action and to question the plaintiff on it."  [Dkt. No. 28 at 6-9, 10-11].  The Court will address each of these arguments in turn.

A.  **Undue Delay**

Defendant alleges that Plaintiff's ignorance of the cause of action until recently is not a proper reason for delay, citing Second Circuit authority instructing that  "the burden is on the party who wishes to amend to provide a satisfactory explanation for the delay, and the court is free to conclude that ignorance of the law is an unsatisfactory excuse."  *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990).  The Plaintiff has met her burden by disclosing that she learned during discovery facts which she had not known previously which support an extension of her negligence to claim a recklessness claim.  This is the very purpose of discovery—to learn facts relevant to one's claims and defenses.  Discovery of such facts is a proper basis to move to amend a complaint be it through discovery or at trial.  *Stillman v. InService Am., Inc.*, 455 F. App'x 48, 51 (2d Cir. 2012).  This is especially true where the new information

learned through discovery is of the same general nature as the claim originally asserted.

### B.  Futility

"An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."  *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).  In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint.  *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010).  "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 679).  "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 679).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quotations omitted).

Defendant does not argue that the Plaintiff's allegations are conclusory or incomplete.  Rather, it argues that "reckless supervision" is not a viable cause of action in Connecticut.  Plaintiff concedes that reckless supervision is "a rarely pled tort," but identifies one Connecticut Superior Court case that specifically examined "whether there is a common law cause of action for reckless supervision of an employee," and held that there was.  *Dewey v. Gosselin*, No. CV 970571659S, 1997 WL 584710, at *2 (Conn. Super. Ct. Sept. 10, 1997) (holding that

"there is a common law action for supervision of an employee with reckless indifference or disregard of the rights of others, also known as reckless supervision of an employee").  A second Connecticut case relied upon this holding to determine that a claim for reckless supervision could also lie in a non-employment context.  *See Doe v. Favreau*, No. CV02393019S, 2003 WL 1477585, at *1 (Conn. Super. Ct. Mar. 7, 2003) (citing *Dewey* for the proposition that "a claim for reckless supervision of an employee was a natural extension of a claim for negligent supervision of an employee").

While Defendant criticizes these cases as non-binding on this Court, it has not identified any contrary precedent—binding or otherwise—on which it argues this Court should rely.  The Defendant similarly articulates no compelling reason why this Court should not be persuaded by *Dewey*, stating only that it provides the parties and the Court insufficient guidance regarding the claim's "proper elements, defenses, and jury charge."  However, because the claim arises from negligent supervision, and there are numerous other common law causes of action that define recklessness under Connecticut law, the parties and the Court will hardly begin from a blank slate.  Plaintiff's proposed amendment therefore is not futile.

### C.  Prejudice

The Court next examines whether amendment will cause the Defendant prejudice.  It is well within the Court's broad discretion conferred by Federal Rule of Civil Procedure 15(b)(1) to permit amendment of a complaint, even after trial, to conform to evidence adduced at trial so long as the defendant has ample notice

of the claim and had within its custody and control all documents and witnesses relevant to rebutting the claim.  *Stillman*, 455 F. App'x at *51 (citing *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 569 (2d Cir. 2000)).  The Defendant correctly asserts that "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice."  *Evans v. Syracuse City School Dist.*, 704 F.2d 44, 46-47 (2d Cir. 1983) (quoting *Advocat v. Nexus Industries, Inc.*, 497 F. Supp. 328, 331 (D. Del. 1980)).  Here Defendant has not shown that the delay was undue; and even if it was, that principle does not absolve the Defendant of making any showing of prejudice.

Defendant argues that it is prejudiced by Plaintiff's request to amend her complaint to allege that Defendant's management was made aware of the alleged harassment by third parties but failed to intervene and curtail the behavior.  However, Plaintiff asserts that these alleged facts emerged through the discovery process and thus Defendant is aware of these alleged facts.  Because they tend to corroborate the claims asserted in the extant complaint, the Defendant has had an opportunity to conduct discovery and prepare witnesses to defend against these facts, irrespective of the legal claim they are asserted to establish.  Nonetheless Defendant argues that it has "lost the opportunity to prepare defense witnesses on this new cause of action and to question the plaintiff on it," without explaining how.

The record does not identify any additional discovery or preparation the Defendant would need to conduct.  Defendant alleges only the number of depositions the Plaintiff has taken, but does not address why those depositions,

during which the additional information on which the Plaintiff appears to rely, was learned were insufficient to enable it to prepare a defense.  The difference between negligence and recklessness is one of degree.  The facts relevant to both claims are categorically the same.  Based on the record before the Court it appears that Defendant has had ample notice of the facts forming the basis of the new claim Plaintiff seeks to assert and has within its custody and control all documents and witnesses relevant to rebutting the claim.  The Court is not persuaded that Defendant would be prejudiced by permitting the Plaintiff to file her proposed amended complaint simply to assert claims based on facts the existence of which emerged through the discovery process.

Second, the parties' Joint Trial Memorandum is not due until August 1, 2017 and trial is scheduled for September 9, 2017.  Should the Defendant seek to reopen discovery promptly and persuade the Court that more discovery is needed, the Court will promptly address the motion and should the motion be granted there remains ample time for the parties to conduct the limited additional discovery on the discrete facts which the Plaintiff contends extend her negligence claim into a recklessness claim.

IV.   Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to Amend [Dkt. No. 27] is GRANTED.  Plaintiff is directed to file its Amended Complaint within 14 days.

8

**IT IS SO ORDERED.**


_____**/s/**_____

**Hon. Vanessa L. Bryant**

**United States District Judge**


**Dated at Hartford, Connecticut:  March 17, 2017**